**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-05-279 |
| | § | C.A. No. C-08-185 |
| TANYA ELAINE BANG, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE,
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Tanya Elaine Bang's ("Bang") motion to vacate, set aside or correct her sentence pursuant to § 2255, which was received by the Clerk on June 6, 2008. (D.E. 48).[1]   The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."   Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.   As discussed in more detail herein, the Court DENIES Bang's motion because the sole claim raised therein does not entitle her to relief. Additionally, the Court DENIES Bang a Certificate of Appealability.

**I.  JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

**II.  FACTS AND PROCEEDINGS**

On April 27, 2005, Bang was charged in a single-count indictment with embezzling from the

---

[1]  Dockets entries refer to the criminal case, C-05-cr-279.

1

mail a box of checks belonging to a postal service customer, in violation of 18 U.S.C. § 1709.  The checks had come into Bang's possession as a result of her being a postal service employee.  (D.E. 1.)  On August 29, 2005, Bang pleaded guilty pursuant to a written plea agreement.  (D.E. 11, 12.) That agreement waived both Bang's right to appeal her sentence, except under certain circumstances, and her right to file any post-conviction motions challenging her conviction or her sentence.[2]  (D.E. 11; D.E. 12 at ¶ 7).

On November 3, 2005, the Court sentenced Bang to time served, to be followed by a three-year supervised release term.  The Court also imposed restitution in the amount of $238.81 and a $100 special assessment.  (D.E. 17-19.)  An amended judgment was entered against Bang on November 15, 2005. (D.E. 19).  Consistent with her waiver of appellate rights, Bang did not pursue a direct appeal.

Since her initial sentence was imposed, Bang has had her supervised release term revoked twice by this Court as a result of her violating the terms of her supervised release.  First, on January 23, 2007, the United States Probation Department filed a petition for a warrant or summons for Bang, alleging that she had violated certain terms and conditions of her supervised release.  (D.E. 23.)  On March 6, 2007, the Court held revocation proceedings and sentenced Bang to 1 month in the custody of the Bureau of Prisons, to be followed by 35 months of supervised release.  (D.E. 30.) Judgment of revocation was entered on March 12, 2007. (D.E. 32.)

On June 27, 2007, the Probation Office filed another petition against Bang alleging that she

_____

[2]  In addition to the fact that her claim is not cognizable in a § 2255 motion, Bang's motion may also be precluded from the Court's consideration because of her knowing and voluntary waiver of her right to file a § 2255 motion.  See United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights).  Nonetheless, the Court's resolution of her motion on other grounds makes it unnecessary for the Court to determine whether the waiver in her initial plea agreement bars her challenge to her subsequent judgment of revocation.

again violated terms of her supervised release, and filed a superseding petition on July 8, 2007.

(D.E. 37, 42.)  The Court conducted revocation proceedings on July 17, 2007, and sentenced Bang

to 20 months in the custody of the Bureau of Prisons.  (D.E. 44.)  Judgment of revocation was

entered on July 17, 2007. (D.E. 46.)  Bang did not appeal.

On June 6, 2008, the Clerk received Bang's § 2255 motion. (D.E. 48.)  In her motion, Bang

lists only one ground for relief.  The ground is titled as "Judge went above recommended

guidelines."  (D.E. 48 at 5.)  Bang lists the following as "supporting facts":

> My attorney and probation officer agreed to the maximum of one
> year.  At sentencing the judge went above the recommended
> sentencing guidelines by 8 months.

(D.E. 48 at 5.)  The Court construes this as a challenge to Bang's sentence of revocation imposed

on July 17, 2007.

Although her motion is timely and although a revocation sentence can generally be

challenged in the context of a § 2255 motion, Bang's motion fails to state a cognizable claim.  For

this reason, discussed in more detail below, the Court concludes that Bang is not entitled to relief.

### III.  DISCUSSION

**A.    28 U.S.C. § 2255**

The revocation of supervised release is a sentence, see United States v. Moody, 277 F.3d 719

(5th Cir. 2001), and is thus properly challenged in a motion under 28 U.S.C. § 2255.  See 28 U.S.C.

§ 2255 (a prisoner claiming that "the sentence was imposed in violation of the Constitution or laws

of the United States" may move the court which imposed the sentence to vacate, set aside or correct

the sentence).  There are four cognizable grounds upon which a federal prisoner may move to

vacate, set aside or correct his sentence: (1) constitutional issues; (2) challenges to the district

court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

**B.      Claim That Court Imposed Improper Sentence**

**1.      Procedural Bar**

As an initial matter, the Court notes that Bang's sole claim is procedurally barred from consideration here. Specifically, to the extent she is challenging the Court's decision as to the length of her sentence, that is a claim that should have been raised on appeal. Her failure to appeal from her sentence precludes consideration of that claim here. See United States v. Shaid, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (citing United States v. Frady, 456 U.S. 152, 165 (1982) (a section 2255 motion will not be allowed to "do service for an appeal"). Indeed, after a defendant has been convicted and exhausted her appeals or waived the right to appeal, "we are entitled to presume that [the defendant] stands fairly and finally convicted." Shaid, 937 F.2d at 231-32 (quoting Frady, 456 U.S. at 164).

Bang's claim is thus procedurally barred from consideration, because she has not asserted a claim of constitutional or jurisdictional magnitude, nor has she alleged or shown either: (1) good cause for failing to raise the issues on direct appeal; and (2) actual prejudice resulting from the alleged error. See Frady, 456 U.S. at 164 (requiring a movant to show good cause and actual prejudice in order to overcome procedural default). Her failure to satisfy Frady's cause and actual

4

prejudice test serves as a waiver of the issue and a procedural bar to section 2255 review. See Shaid, 937 F.2d at 232.[3]

### 2.       Merits of Claim

Moreover, even if it were properly before the Court, Bang's claim fails on its merits. Notably, although Bang couches her claim as one that the Court "went above [the] recommended guidelines," it is clear from the record in this case that the Court did not exceed the statutory maximum for Bang's offense in imposing the July 17, 2007 revocation sentence. Indeed, the Court inquired, before receiving Bang's plea to each of the allegations in the petition, whether Bang understood that she could be sentenced to up to 23 months in the custody of the Bureau of Prisons, and Bang told the Court that she understood. (Digital Recording of July 17, 2007 revocation proceedings, ("Rev. Rec.") at 9:27.) In fact, she received a 20-month sentence. Thus, the Court did not exceed the statutory maximum for the offense. Bang's claim does not fall within any of the other parameters for a viable § 2255 claim. Accordingly, her claim is DENIED.

In any event, Bang's chief complaint is that the Court imposed a sentence higher than what her counsel and the United States Probation Officer recommended. The recommendations of a defendant's attorney, the United States Attorney and the United States Probation officer are merely that – recommendations. While this Court takes those recommendations into account when determining a defendant's sentence, the Court itself is ultimately responsible for selecting and imposing an appropriate sentence in compliance with 18 U.S.C. § 3553(a). In this case, the

---

[3]  The Supreme Court has recognized but one exception to the cause and prejudice test, and that exception is very narrowly limited to "'extraordinary' cases involving 'manifest miscarriage[s] of justice' that would result in the continued incarceration of one actually innocent of the offense." Shaid, 937 F.2d at 232 (citing Smith v. Murray, 477 U.S. 527, 537 (1986); Murray v. Carrier, 477 U.S. 478, 496 (1986)). This exception is inapplicable in the instant action as Bang does not claim actual innocence.

Probation Officer recommended a 12-month term of imprisonment, to be followed by a 23-month supervised release term, and defense counsel recommended six-months in custody. While the advisory guidelines recommended a sentence of 4 to 10 months, the Court clearly stated its reasons on the record for imposing a 20-month sentence:

> I've looked at the guidelines in this case and I don't think they properly address your behavior and your multiple problems in just the few days you were out after you received two second chances from this Court, and apparently, at the risk of public danger. So I'm going to revoke . . . I've looked at the guidelines and they do not address this. I'm looking at the equivalent of 3553(a) of what may be needed to deter future criminal conduct and I'm going to revoke your supervised release for 20 months, followed by no supervised release.

(Rev. Rec. at 9:50-9:51.) The Court later emphasized its significant concern over Bang's behavior in driving a vehicle while legally intoxicated, resulting in a serious rollover accident. As the Court noted during its comments, although neither she nor her fiancee, who was a passenger, was killed during that accident, either of them could have been, and her conduct created a grave risk to the public.

In short, there is nothing unconstitutional about the Court's imposition of a higher sentence than recommended by counsel for the defendant and by the Probation Officer. Bang's claim is simply without merit. For all of the foregoing reasons, Bang's § 2255 motion is DENIED.

## C.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Bang has not yet filed a notice of appeal, this Court nonetheless addresses whether she would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies

6

a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Bang's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, Bang is not entitled to a COA.

**IV.  CONCLUSION**

For the above-stated reasons, Bang's motion under 28 U.S.C. § 2255 (D.E. 48) is DENIED.

The Court also DENIES her a Certificate of Appealability.

It is so ORDERED this 9th day of July, 2008.

Janis Graham Jack
United States District Judge